## WEATHERMAN et al. v. ISOM et al.

### No. 6165.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 4, 1951.

Decided Jan. 26, 1951.

———◆———

John N. Psaki, Roanoke, Va., and H. Prince Burnett, Galax, Va. (T. W. Messick, Roanoke, Va., on brief), for appellants.

Clifton A. Woodrum, Jr., Roanoke, Va. (Jack M. Matthews, Galax, Va., on brief), for appellee Virgie Viola Isom.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and WEBB, District Judge.

PER CURIAM.

This case involves the right to the proceeds of a National Service Life Insurance policy. The action was instituted in the court below by a cousin of the deceased soldier to whom the policy had been made payable and who claimed to occupy the status of one in loco parentis. The parents of the soldier, who had been awarded the insurance by the Veterans Administration were made parties to the action; and the case was tried before a jury on the question as to whether or not the plaintiff stood in loco parentis. No motion was made for direction of a verdict at the conclusion of the testimony; and the jury, after lengthy deliberation, reported that it was unable to agree. A motion was thereupon made to direct a verdict in favor of plaintiff and verdict was so directed. From judgment thereon, the parents of the soldier appeal.

While we think that there was evidence sufficient to take the case to the jury on the issue as to whether plaintiff occupied the status of one in loco parentis toward the deceased soldier, we do not think that it was so conclusive of the issue as to warrant the direction of a verdict. As the case must be tried again, it is not desirable to discuss the facts in detail, but it is sufficient to say that there is evidence tending to show that the soldier lived with his parents and was cared for and supported by them until he was eighteen years of age and that he then went to live on the farm of plaintiff and her husband under a contract providing for the payment of wages. While the evidence is that he continued to live in the home of plaintiff until inducted into the military service and that he was fond of her and her family, there is evidence from which the jury could well have found that he did not intend to repudiate the family relationship between himself and his natural parents or substitute plaintiff for them in the parental relationship. The questions involved were questions of fact and the answers were not so clear that reasonable men could not have differed with regard thereto.

Reversed.